MORRISON
*vs.*
FRENCH.

## MORRISON *vs.* FRENCH.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The original holder of a note, who had, with other creditors, executed a release of the debtor, under an assignment of his property, for the benefit of his creditors, is a competent witness to testify in a suit brought against the maker, by another person, who afterwards gets possession of the note.

Where the right to sue is expressly denied to the holder of a promissory note, and the evidence does not show he received the note from a person authorised to negotiate it, and where it.is shown the note was not put in circulation at the time a discharge was given by the original holder against it, under an assignment of property by the maker: *Held*, that the plaintiff cannot recover, but will be non-suited.

This is an action on a promissory note for eleven hundred and twenty-five dollars fifty-six cents, dated at Philadelphia, September 6, 1830, executed by the defendant, and payable to his order, six months after date. The plaintiff alleges he is a resident of the city of New-York, and that the defendant is indebted to him in the amount of the note, for which he prays judgment.

The defendant admits his signature to the note, but avers, the plaintiff is not the true owner of it; and that after said note became due, and before its transfer, he made an assignment of his property, for the benefit of his creditors, in Philadelphia, the 11th of March, 1831, and obtained a complete discharge from all his debts; that the note sued on was then due, and in the hands of one Jee, to whom he gave it for merchandise, and who, with the other creditors, gave a full and complete discharge. He pleads the discharge in bar, and prays judgment in his favor.

He propounded the following interrogatories to the plaintiff:

1. Are you the *bonâ fide* holder of the note in suit?

2. If so, state from whom, and when you received it, and what consideration you paid for it?

EASTERN DIST.
*March*, 1835.

MORRISON
*vs.*
FRENCH.

3. Did you not know that Edward A. Jee had given a release and discharge to B. F. French, the defendant, for said note, before it was transferred to you?

4. Has not E. A. Jee still an interest in said note: If yea, what is that interest?

To the first interrogatory the plaintiff answers in the affirmative.

2. He says he purchased the note from N. Sylvester, for seven hundred dollars in cash, the 15th November, 1833.

3. He had no knowledge he had given a release and discharge of said note, to B. F. French, at any time before he purchased it.

4. He answers in the negative: and that he knew at the time, he purchased it at considerable risk, as he understood Mr. French was about leaving Louisiana.

These answers were read by the plaintiff.

The defendant proved by the deposition of Jee, the original holder of the note, that he (Jee) had an interest in, and was the true owner of the note, and that he had signed a release and discharge of French, as averred by him in his answer. This testimony was corroborated by other witnesses. The release and discharge was also in evidence. The testimony of Jee was objected to, on the ground that the witness, from his own showing, had a direct interest in the suit. The court admitted it, and the plaintiff excepted.

The district judge was of opinion that, as the plaintiff's right to the note was questioned and denied, he had shown no right to sue on it. Judgment of non-suit was entered. The plaintiff appealed.

*Carter*, for the plaintiff.

1. The judgment should be reversed and the plaintiff reinstated, with judgment in his favor. He was the *bonâ fide* holder and owner, for a valuable consideration, as is shown by his answer, on oath, to the question propounded by his adversary.

2. The testimony of plaintiff, consisting of his answers on oath, was not impeached, according to law: only one

witness was offered to contradict it, and he was objected to, on the score of interest, and should have been excluded.

3. The defendant must be bound by the answers of the plaintiff, which clearly make out his case, and his right to recover.

*Roselius*, for the defendant.

1. The evidence clearly establishes that the plaintiff obtained the note long after it became due, and under suspicious circumstances.

2. Jee's testimony was properly admitted. He had no interest in the issue of this cause ; he can, under no circumstances, recover on the note against French ; he may have a claim against his assignees.

3. French could not obtain possession or take up the note, because it remained in the possession of the original holder, until the dividends were received of the assignees.

*Bullard J.*, delivered the opinion of the court.

The plaintiff sues on a promissory note, drawn by the defendant, to his own order, and endorsed by himself, dated September 6, 1830, and payable six months after date.

The defendant admits his signature, but denies that the plaintiff is the true and legal holder of the note ; he further alleges, that if the note does belong to plaintiff, it was transferred to him after maturity. Finally, the defendant pleads a release and discharge executed by one Edward A. Jee, who, he avers, was at that time the holder of the note sued on. The release appears to have been executed by the creditors of the defendant, at Philadelphia, upon his making an assignment of his property to them. There was judgment of non-suit, and the plaintiff appealed.

Our attention is called to a bill of exceptions taken to the admission of the deposition of Jee, the original holder of the note in question, and who had executed with the other creditors, the release set up by the defendant. It is contended that he is incompetent, on the ground of interest. We think the court did not err in admitting the deposition. The

*The original holder of a note, who had, with other creditors, executed a release of the debtor, under an assignment of his property for the benefit of his creditors, is a competent witness to testify in a suit brought against the maker by another person, who afterwards gets possession of the note.*

witness could neither gain nor loose by the event of this suit, either directly or indirectly.   He had no longer an interest in the note, which had been cancelled without being put in circulation by him; and the judgment in this case could not either increase or diminish the dividend to which he would be entitled, out of the property surrendered.     4 *Martin, N. S.*, 539.

The evidence in the case has failed to satisfy us, as it did the court in the first instance, that the plaintiff acquired the note sued on, from a person authorised to negotiate it.   In answer to interrogatories, the plaintiff says that he purchased the note from Nathaniel Sylvester, in November, 1833. There is no evidence that Sylvester had any interest in it, or authority to sell it.   It had been due more than two years, and the evidence shows that it had not been put in circulation at the time the discharge was given.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.